IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KATHY L. GILBERT,
    Plaintiff,

vs.                                           Case No.: 5:09cv371/SPM/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause was initiated by the filing of a complaint on November 18, 2009 (Doc. 1), in which Plaintiff seeks review of Defendant's final administrative decision denying her claim for disability benefits. Now before the court is Plaintiff's Motion to Dismiss Complaint, in which Plaintiff states that she "does not want to proceed with her complaint" and certifies that Defendant has no objection to a dismissal of this action (Doc. 7).

Federal Rule of Civil Procedure 41(a)(1) provides that an action may be dismissed without an order of the court (i) by filing a notice of dismissal at any time before the adverse party serves an answer or a motion for summary judgment, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order and on terms that the court considers proper." Because Defendant has not yet filed an answer in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion to Dismiss Complaint (Doc. 7) be **GRANTED** and this case be **DISMISSED without prejudice**.

At Pensacola, Florida, this 13<u>th</u> day of January 2010.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**